**Electronically Filed**
**Intermediate Court of Appeals**
**30002**
**25-JAN-2012**
**08:31 AM**

NO. 30002

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JACQUELINE RIGSBY, Plaintiff-Appellant, v.
WILLIAM E. RIGSBY, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 61854)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Plaintiff-Appellant Jacqueline Rigsby ("Jacqueline"), appearing pro se, appeals from the June 3, 2009 Order Re: Defendant's Motion for Post-Decree Relief ("June 3, 2009 Order") entered in the Family Court of the First Circuit ("Family Court")[1] which resolved Jacqueline's and Defendant-Appellee William E. Rigsby's ("William") respective motions for post-decree relief from the January 20, 1967 Final Decree of Divorce which terminated the parties' marriage. The June 3, 2009 Order denied William's request for termination of spousal support and offset spousal-support arrearages owed to Jacqueline. Jacqueline filed a motion for reconsideration of the June 3, 2009 Order, which was denied by an order of the Family Court dated July 14, 2009.

On appeal, Jacqueline asserts ten points of error, which can be summarized as follows:

---

[1]     The Honorable Linda K. C. Luke presided.

(1)     The Family Court erred by determining that William was entitled to rental offsets because there is no evidence to support William's claim of Jacqueline's tenancy, and Jacqueline offered substantial evidence proving otherwise;

(2)     The Family Court erred by failing to consider Jacqueline's claim for reimbursement of education and dental expenditures, which were incurred in response to William's actions.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude that Jacqueline did not meet her burden of demonstrating error, and we, therefore, affirm the Family Court's decision.[2]

An appellant who desires to raise any point on appeal that requires consideration of the oral proceedings before the court appealed from bears the burden to show error by reference to matters in the record, and must provide the relevant transcript. *See* Haw. R. App. P. 10 (2008); *see also Union Bldg. Materials Corp. v. The Kakaako Corp.*, 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984) (citing *State v. Goers*, 61 Haw. 198, 600 P.2d 1142 (1979)). "The burden is upon appellant in an appeal to show error by reference to matters in the record, and he [or she] has the responsibility of providing an adequate transcript." *Bettencourt v. Bettencourt*, 80 Hawaiʻi 225, 231, 909 P.2d 553, 559 (1995) (quoting *Union Bldg. Materials Corp.*, 5 Haw. App. at 151, 682 P.2d at 87) (internal quotation marks omitted).

On appeal, Jacqueline relies extensively on her

---

[2]     In addition, the Family Court failed to enter the necessary findings of fact and conclusions of law. Haw. Fam. Ct. R. 52(a). Under the circumstances of this case, however, we conclude that the Family Court's error is not a basis for remand.

characterization of the testimony and other evidence presented to the Family Court at the hearing. As such, in the absence of the hearing transcript, Jacqueline failed to demonstrate error. Therefore, IT IS HEREBY ORDERED that we affirm the June 3, 2009 Order.

DATED: Honolulu, Hawai'i, January 25, 2012.

On the briefs:

Jacqueline Rigsby
Pro Se Plaintiff-Appellant.

Robert M. Harris,
for Defendant-Appellee

Presiding Judge

Associate Judge

Associate Judge